IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN E. GLEASON,                    CASE NO. 2:08-cv-969
                                                 CRIM. NO. 2:05-cr-178

       Petitioner,

                                                 JUDGE MARBLEY

v.

UNITED STATES OF AMERICA,

       Respondent.

### OPINION AND ORDER

On April 20, 2010, the Magistrate Judge issued an *Order and Report and Recommendation* denying petitioner's request for an evidentiary hearing and recommending that the instant motion to vacate, which was filed pursuant to 28 U.S.C. §2255, be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. His request for an evidentiary hearing is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner pleaded guilty in 2006 to a charge of traveling in interstate commerce for purposes of engaging in illicit sexual conduct with a minor. This Court sentenced him to 78 months' imprisonment. Petitioner now claims that he did not receive the effective assistance of counsel guaranteed to him by the Sixth Amendment. The Report and Recommendation concluded that this claim was without merit and did not warrant an evidentiary hearing.

In his objections, petitioner raises the same arguments he previously presented in support of his claim. He specifically objects to the Magistrate Judge's conclusion that the record fails to reflect the ineffective assistance of counsel as defined under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985), contending that defense counsel improperly failed to discuss with him the defense of entrapment and that counsel improperly assured him he "would likely" serve a lesser sentence in a minimum security facility. He also disputes the Magistrate Judge's conclusion that, but for petitioner's unanticipated violation of the terms of his pre-trial release, he would have substantially reduced his potential prison exposure as a result of his guilty plea. Petitioner also argues that he would have obtained a lesser sentence but for the ineffective assistance of counsel in failing to procure a psychological assessment and follow-up therapy and that counsel did not adequately prepare for his sentencing hearing. He further contends that the record does not support the conclusion that a psychological evaluation would not have assisted him at sentencing, Finally, he objects to the Magistrate Judge's conclusion that nothing in the record supports his claim that the actions or inactions of defense counsel would have assisted him in obtaining a lesser sentence. Petitioner again seeks an evidentiary hearing to resolve his claims.

Taking this last contention first, the Court notes that petitioner argues at length that he should be granted an evidentiary hearing so that he can offer further support for his allegations. *See Objections*. This Court does not agree.

> When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th

2

> Cir.1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir.1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted).

*Phillips v. United States*, 2010 WL 546493 *3 (E.D. Tenn. February 10, 2010). Many of petitioner's assertions are contradicted by the record. Further,

> [i]n order to obtain relief under §2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *See Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003). As such, a court may grant relief under §2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a §2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

*Rodriguez v. United States*, 2006 WL 1793257 (N.D. Ohio June 27, 2006). Such are the circumstances here. Given the lack of support offered for petitioner's claims, an evidentiary hearing is not required, nor should one be ordered when the petitioner offers only speculation that more support for his claims would be forthcoming at a hearing.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

3

IT IS SO ORDERED.

ALGENON L. MARBLEY
United States District Judge